IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

BRADLEY ROY CHISOLM, and
DANA MARIE CHISOLM											PLAINTIFFS

VERSUS								CIVIL ACTION NO. 2:10-cv-00129

ALFA INSURANCE COMPANY									DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion to Remand **[#4]** filed on behalf of the plaintiffs. The court, having reviewed the motion, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is not well taken and should be denied. The court specifically finds as follows:

## FACTUAL BACKGROUND

Bradley Roy Chisolm and Dana Marie Chisolm ("Chisolm") are judgment creditors of Cobb Construction, Inc., a dissolved Mississippi corporation, against which they were awarded a judgment by default after considerable litigation in the County Court of Forrest County, Mississippi, cause No. CO07-0362, in the amount of $82,051.65 at 8% simple interest per annum on October 14, 2009.

Pursuant to the judgment, a writ of garnishment was served upon Alfa Insurance Corporation ("Alfa") on April 28, 2010, seeking to determine whether Alfa was indebted to Cobb Construction, Inc. In response, Alfa filed its notice of removal, invoking federal

jurisdiction by reason of diversity. The plaintiffs have filed the present motion to remand.

## **STANDARD OF REVIEW - REMAND**

The Fifth Circuit has consistently held that the party urging jurisdiction upon the district court bears the burden of demonstrating that the case is one which is properly before that Court. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975). Even though this court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted). Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

## **ANALYSIS**

The plaintiffs concede that a writ of garnishment is considered a separate and distinct civil action but contend, nevertheless, that it is also considered a direct action under Mississippi law. Accordingly, applying 28 U.S.C. 1332 (c) (1), Alfa, a corporation that is an insurer, steps into the diversity jurisdiction shoes of its insured, Cobb

2

Construction Inc., rendering it a Mississippi citizen.

A defendant may remove a case to federal court if both requirements of diversity jurisdiction have been met. 28 U.S.C. § 1441(a) (2002). Upon removal, the defendant bears the burden of establishing federal jurisdiction. *Atlas Global Group, L.P. v. Grupo Dataflux*, 312 F.3d 168, 176 (5th Cir. 2002). Diversity jurisdiction is determined by the citizenship of the parties at the time the lawsuit is filed. *Harris v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir.1992). A corporation is considered a citizen both of the State of its incorporation and of the State in which it has its principal place of business. 28 U.S.C. § 1332(c) (1994). It is undisputed that Alfa is a corporation organized and headquartered in the State of Alabama. The plaintiffs are resident citizens of the State of Mississippi.

In *Freeman v. Walley*, 276 F.Supp.2d 597 (S.D. Miss. 2003), Freeman, an injured vehicle passenger brought garnishment proceedings against insurers, seeking to recover on a default judgment that he had obtained against an insured driver. The insurers removed the proceeding to the United States District Court, Southern District of Mississippi, based upon diversity of citizenship since garnishee insurers were citizens of states other than Mississippi, and Freeman filed a motion to remand. Judge Lee denied Freeman's motion to remand back to state court, holding that: (1) garnishment proceedings were separate civil action from passenger's underlying action against insured, and thus proceedings were subject to removal; and (2) garnishment proceedings against insurers were not direct actions within meaning of provision of diversity jurisdiction statute, stating that liability insurer was deemed citizen of same state as insured in actions brought directly against it.

Freeman's argument was the same as the argument made by the plaintiffs herein that removal from state court is improper under 28 U.S.C. §1332(c)(1), which provides as follows:

> For purposes of . . . section [1332] and section 1441 of this title - (1) . . . in any direct action against the insurer of a policy or contract of liability insurance . . . to which the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen . . . .

*Freeman,* 276 F.Supp.2d at 598.

Freeman argued that the garnishment proceeding was a "direct action" against the garnishee defendant and that therefore, in accordance with §1332(c)(1), the insurers were deemed residents of Mississippi, since their insured was a Mississippi resident, as was plaintiff, as a consequence of which diversity of citizenship was lacking. The court held that the action presented was not a "direct action" within the contemplation of §1332(c)(1) and that this provision ultimately has no bearing on the court's jurisdictional analysis and conclusion. *Id*. The court further held that, in the garnishment setting, the insurer is no longer litigating the issue of its insured's liability because a judgment has been secured. That issue has already been decided. In the garnishment action, the parties are "litigating the existence of a new liability," whether the insurer owes a debt to its insured. *Id* at 601 (citing *Butler v. Polk*, 592 F.2d 1293, 1295-96 (5th Cir. 1979)).

> It is questionable whether Mississippi law even allows for "direct actions" that might, if brought, come within the exception prescribed by §1332 (c)(1). But this court is convinced that a garnishment suit is not a "direct action" within the meaning of §1332(c)(1). Regardless of whether it may have proceeded against the insurer in the first instance, once a plaintiff sues his tortfeasor and obtains a judgment, as happened here, the judgment debtor has an interest in the policy if it may provide coverage for

4

the judgment. The insurer is then sued in an effort to collect on the judgment because it holds an asset of the insured from which the judgment may be collected. In the court's opinion, in that situation, the insurer is in no different posture from any other person or entity that holds assets of the judgment debtor. Accordingly, the court concludes that §1332(c)(1) does not apply, and that there is complete diversity of citizenship among the parties.

*Freeman*, 276 F.Supp.2d at 602-03.

This court agrees with Judge Lee's analysis in *Freeman* and finds that this matter was properly removed from state court. However, the court further finds that the plaintiff's motion to remand was not frivolous and that the defendant is not entitled to attorney fees and costs as requested in its response to the motion.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand **[#4]** filed on behalf of the plaintiffs is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the stay previously imposed in this matter is lifted and that the parties shall contact Judge Parker within ten days of this order for the entry of a new Case Management Order.

SO ORDERED AND ADJUDGED this the 13th day of July, 2010.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE