IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**BRADLEY ROY CHISOLM, and**
**DANA MARIE CHISOLM**                                                           **PLAINTIFFS**

**VERSUS**                                                  **CIVIL ACTION NO. 2:10-cv-00129**

**ALFA INSURANCE CORPORATION**                                              **DEFENDANT**

**Consolidated with**

**MARY MABINS**                                                                    **PLAINTIFF**

**VERSUS**                                                        **CIVIL ACTION 2:10CV130**

**ALFA INSURANCE CORPORATION**                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion for Summary Judgment **[#20]** filed on behalf of the defendant and on a Cross-Motion for Summary Judgment filed on behalf of the plaintiffs **[#22]**.[1]  The court, having reviewed the motions, the responses, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that Alfa's motion is well taken and should be granted and that the plaintiffs' motion is not well taken and should be denied.  The court specifically finds as follows:

## BACKGROUND

The plaintiffs, Bradley and Dana Chisolm ("the Chisolms") and Ms. Mary Mabins ("Mabins") are homeowners who live on Green Bay Drive outside of Petal, Mississippi.

---

[1] The plaintiffs filed the cross-motion in lieu of a response to Alfa's motion.

After experiencing numerous problems with conditions in their homes, they filed separate lawsuits in the County Court of Forrest County, Mississippi, alleging among other things, negligence and defective/faulty construction.

In May of 2007, the Chisolms sued Cobb Construction, Troy Cobb individually, and one of Mr. Cobb's corporate alter egos, "Troy E. Cobb, Inc." The Chisolm lawsuit alleged faulty workmanship and negligent construction, but also named other parties, such as Mr. Cobb's former sales agent and her former sales agency, alleging civil conspiracy to defraud and fraud as related to the sale of the Chisolms' home. In addition, the Complaint alleged that Mr. Cobb maintained shell corporations and transferred property between them as part of the alleged conspiracy.

For her part, plaintiff Mabins likewise filed suit against Troy Cobb and Cobb Construction, alleging negligence, faulty construction, and fraud, but her Complaint did not contain the overarching allegations of civil conspiracy, or the sales agent, Darcy Sellers, and her former employer, as defendants. These initial state court Complaints, were filed in the County Court of Forrest County, Mississippi.

Alfa had issued two virtually identical CGL policies to what used to be one of Troy Cobb's companies, a construction company called Cobb Construction, Inc. In July of 2007, Alfa, pursuant to Fed. R. Civ. P. 57, filed an action in this court, under diversity jurisdiction, and sought a Declaratory Judgment that neither Troy Cobb nor Cobb Construction had coverage for the claims brought by the plaintiffs, the Chisolms and Mabins. (Civ. Action No. 2:07cv142-KS-MTP, U.S. Dist. Ct,., Southern District of Mississippi Hattiesburg Division). Troy Cobb was an additional named insured on the policies issued by Alfa to Cobb Construction.

In a Memorandum Opinion and Order dated April 23, 2008, this court granted Alfa's request for a Summary Judgment on the issue of coverage for Troy Cobb, individually. This court noted specifically that it was not then ruling on coverage with regard to Cobb Construction, inasmuch as Cobb Construction "ha[d] not responded to either the Complaint or the instant motion."

At the conclusion of Alfa's declaratory judgment action, the plaintiffs pursued default judgments back in state court against Cobb Construction, who had never appeared, and on behalf of whom Troy Cobb had refused service of process on the grounds that he had sold Cobb Construction and was not authorized to accept service on its behalf. In April 2009, the Chisolms and Ms. Mabins obtained default judgments against Cobb Construction in their state court suits in Forrest County, Mississippi, County Court: (the amounts in the default judgments were: $82,051.65 as to the Chisolms, and $171,437.86 as to Mabins). These default judgments were used as the basis for filing writs of Garnishment against Alfa.

Alfa removed to this court pursuant to diversity jurisdiction and the cases were consolidated. The plaintiffs' motion to remand was denied by this court on July 14, 2010. All necessary written discovery and depositions between the parties are now concluded and the relevant facts bearing on this Motion for Summary Judgment are established and this matter is ripe for summary adjudication.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits,

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP 56(c); and *see Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material." *Id.*  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir.

1992).  In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.

The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## **ANALYSIS**

As far back as November 2003, Troy Cobb began the process of selling Cobb Construction – the business, including its liabilities, not its insurance coverage -- to Joe Dale. In December of 2003, Troy Cobb and Joe Dale entered into a modified homemade contract wherein Cobb sold both Cobb Construction, Inc. and Cobb Auto Sales to Joe Dale. The homemade contract was added to or modified twice via written addenda which were signed by the parties in February and March of 2004. The second modification of this contract – the March 2, 2004 addendum – makes it clear that as of that date, all liabilities for Cobb Construction, Inc. are transferred to its new owner, Joe Dale.

It became clear after this transaction that Joe Dale did not, in his ownership and management of Cobb Construction, attend to corporate formalities with the Mississippi Secretary of State's office. Apparently uncertain as to where this would leave him with regard to any liabilities of Cobb Construction, Troy Cobb and the other officers of the "old" Cobb Construction executed corporate minutes and a letter, both of which were

sent to Joe Dale's last known address, making it clear that they would resign effective August 18, 2006, and that all liabilities of Cobb Construction would be –or remain– with Joe Dale.  Troy Cobb apparently sought to remain a director of some sort with Cobb Construction, but both the minutes and the letter to Dale in 2006 also make it clear that any liabilities of Cobb Construction, Inc. would lie with Dale and/or his newly owned version of "Cobb Construction."

The plaintiffs' argument is that this sale of Cobb Construction somehow included the transfer of rights under the Alfa CGL policy.  However, there is no mention of a purported transfer of insurance rights or insurance coverage of any type whatsoever in any of the documents transferring Cobb Construction to Dale.  Alfa's CGL policy was issued to Cobb Construction when it was owned by Troy Cobb, and Alfa asserts that it was owned by Troy Cobb.  There is no evidence that Joe Dale ever paid a premium on Cobb Construction's or any other Alfa policy.  It is clear that Troy Cobb never impliedly or expressly assigned, or attempted to assign, Joe Dale any insurance coverage rights.  There is no general language in the contract or in any document anywhere purporting to sell "all assets" of Cobb Construction – and so Alfa argues there is no basis for claiming that Troy Cobb implied that he was trying to sell his Alfa coverage to Joe Dale.

In addition, Cobb Construction's policy with Alfa contains the following language under the Section "Common Policy Conditions:"

> All Coverage Parts included in this policy are subject to the following conditions.

***

> **F. Transfer of Your Rights And Duties Under this Policy**
> Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an

individual named insured.

As one court has put it: "Insurance providers have a legitimate business interest in restraining assignment – these provisions protect them from a material increase in risk for which they did not bargain, specifically because of a change in the nature of the insured." *Travelers Cas. & Surety Co. v. U.S. Filter Corp.*, 895 N.E. 2d 1172, 1178. (Ind. 2009) (emphasis supplied). In this case, it is only houses built by the transferee version of Cobb Construction that have been the subject of litigation for faulty construction, thus clearly illustrating the concept of a "change in the nature of the insured." The language in the non-assignment clause is clear and unambiguous, and therefore should be interpreted as written. *U.S. Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 963 (Miss. 2008) (quoted in *Architex Ass'n, Inc. v. Scottsdale Ins. Co.*, 27 So. 3d 1148, 1157 (Miss. 2010)).

There is no showing that Alfa ever gave any consent, written or otherwise, to any transfer of rights under its CGL policies for Cobb Construction. *See, e.g. Del Monte Fresh Produce v. Fireman's Fund Ins. Co.*, 183 P. 3d 734, 746-7 (Ha. 2007) (contractual transfer by former owner of pineapple plantation of all of former owner's assets and liabilities did not operate to transfer to current owner rights to make claims for indemnity under former owner's insurance policies).

Nor is there any proof that Alfa has ever been asked to transfer the policies in question by Troy Cobb or any other person, and was unaware that the business had been sold off until after litigation began in 2007. Most importantly, all of the above facts are established and not subject to any genuine dispute. Indeed, the plaintiffs have not disputed that Troy Cobb sold Cobb Construction to Joe Dale and this court, in the Declaratory Judgment Action, also noted that Troy Cobb had sold Cobb Construction to

Joe Dale.

The court finds that the only version of "Cobb Construction" that was ever entitled to coverage of any type under Alfa's CGL policy is Cobb Construction –Troy Cobb, owner, not Cobb Construction –Joe Dale, owner.  While the business name may be the same, the owners, and insurance coverage, are not.  And it was Cobb Construction –Joe Dale, owner – which engaged in the acts or omissions forming the basis for the plaintiffs' allegations regarding construction fraud and gross acts of negligence. Because the plaintiffs have not shown any evidence of even an attempted transfer of Alfa's CGL policy coverage to the Joe Dale-owned version of Cobb Construction, there is no material question of fact for any jury to determine.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#20]** filed on behalf of the defendant, Alfa Insurance Corporation is granted.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion for Summary Judgment filed on behalf of the Plaintiffs Bradley Roy Chisolm, and  Dana Marie Chisolm and Plaintiff Mary Mabins **[#22]** are denied and the Complaints filed by each of them are dismissed with prejudice and that all other motions are denied as moot.

SO ORDERED AND ADJUDGED this the 25th day of January, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE